## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DR. QUINTELLA BOUNDS** | ) | Judge |
| | ) | |
| **Plaintiff,** | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **COUNTRY CLUB HILLS SCHOOL** | ) | **JURY TRIAL DEMANDED** |
| **DISTRICT 160, DR. TAMARA YOUNG,** | ) | |
| **in her individual capacity, JACQUELINE** | ) | |
| **DOSS, in her individual capacity** | ) | |
| **capacity, BARBARA SWAIN, in her** | ) | |
| **individual capacity, MICHAEL T.** | ) | |
| **HUMPHREY, in his individual capacity,** | ) | |
| **MARGO E. BROWN, in her individual** | ) | |
| **DORIS J. BLACKWELL, in her** | ) | |
| **individual capacity, SHARON MACK,** | ) | |
| **in her individual capacity, DR. EARLINE** | ) | |
| **SCOTT, in her individual capacity** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**NOW COMES** Dr. Quintella Bounds ("Plaintiff") through her counsel, Jerome M. Davis, Esq., and files this action, pursuant to 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution and Illinois law, against Country Club Hills School District 160, Dr. Tamara Young, in her individual capacity, Jacqueline Doss, in her individual capacity, Barbara Swain, in her individual capacity, Michael T. Humphrey, in his individual capacity, Margo E. Brown, in her individual capacity, Doris J. Blackwell, in her individual capacity, Sharon Mack, in her individual capacity, and Dr. Earline Scott, in her individual capacity (collectively "Defendants"), and respectfully states and alleges the following in support hereof:

1

## Nature of the Case

1.  Plaintiff is a tenured educator licensed to serve students with special needs. In 2019, the Board voted to hire her as the Director of Student Services in Country Club Hills School District 160 for a 1-year term. It is customary in District 160 for the Board to notify administrative employees, such as Plaintiff, by April 1 whether it intends to extend their employment for another year. In March 2020, Defendant members of the Country Club Hills School District 160 Board of Education (the "Board") voted to re-hire Plaintiff thru June 2021, and she received notification that her employment was extended another year on March 25, 2020. However, Plaintiff became violently ill that evening and was admitted to the emergency room where she was diagnosed as suffering from the Covid-19 virus and placed in quarantine for 14-days.

2.  Defendants forced Plaintiff to continue her job duties even though they knew she was in quarantine and struggling to survive. On April 2, 2020, Dr. Earline Scott, the acting superintendent of District 160, informed her by phone that the Board instructed her to notify Plaintiff that her position was being posted and her job would terminate on June 30, 2020, because she did not sign/accept the contract that was sent to her on March 25, 2020. However, even before she became ill, Plaintiff had queried Scott about a discrepancy in the contract. Further, it is the practice and policy of the Board that a formal vote to rehire an administrator is all that is necessary to extend her employment. Plaintiff made multiple requests for a hearing before the Board to find out why the Board deviated from this practice. But her requests were ignored, and she was never offered a hearing to address why her employment agreement was rescinded. Her position was posted on April 2, 2020. As a result of Defendants' callous, outrageous actions, Plaintiff has suffered lost income and severe physical and emotional injuries.

**Jurisdiction and Venue**

3. This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. Therefore, jurisdiction lies here pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. All of events giving rise to this action occurred in this District. Therefore, venue lies here pursuant to 28 U.S.C. § 1391(b)(2).

**The Parties**

5. Plaintiff is currently employed as the Director of Student Services at Country Club Hills School District 160 in Country Club Hills, Illinois. She is and was a citizen of the United States at all times relevant to this suit.

6. Defendant Country Club Hills School District 160 is a municipality organized under the laws of the State of Illinois. It may sue or be sued through the "Board," which is the sole policymaking body responsible for administering District 160.

7. Defendant Dr. Tamara Young is a current member and was vice-president of the Board during the time relevant to this suit.

8. Defendant Jacqueline Doss is a member of the Board and was president during the time relevant to this suit.

9. Defendant Barbara Swain is and was a member of the Board and secretary at the time relevant to this suit.

10. Defendant Michael T. Humphrey is and was a member of the Board at the time relevant to this suit.

11. Defendant Margo E. Brown is and was a member of the Board at the time relevant to this suit.

12. Defendant Doris J. Blackwell is and was a member of the Board at the time relevant to this suit.

13. Defendant Sharon Mack is and was a member of the Board at the time relevant to this suit.

14. Defendant Dr. Earline Scott is and was the interim superintendent for Country Club Hills School District 160 (the "District") at the time relevant to this suit.

## Statement of Facts

15. Plaintiff has been an educator since 2006.

16. She received a license from the state of Illinois to serve special needs students in 2010.

17. On April 16, 2019, the Board voted to employ Plaintiff as the Director of Student Services for the District from July 1, 2019 until June 30, 2020.

18. Based on the Board's practice, Plaintiff was not required to sign a contract, which went into effect immediately upon it being formally approved by a vote of the Board.

19. In fact, several days after the Board approved the contract, Plaintiff received a copy of the agreement for the first time and realized that it was missing a key provision under the standard administrator's contract stating that the Board would make all required contributions to the Teachers' Retirement System ("TRS") on Plaintiff's behalf.

20. She asked the then superintendent, Dr. Shannon Goodsell, about the missing provision, and he told her it was an oversight, and said he would look into it. Days later, Dr. Goodsell met with Plaintiff and showed her a memo stating that the TRS provision was inadvertently left out of the contract. However, the memo clarified that the Board agreed to make the requisite TRS

4

contribution on her behalf. Both Plaintiff and Dr. Goodsell then signed the memo, which was appended to the contract.

21. Plaintiff received an excellent performance evaluation during her first year on the job.

22. Therefore, pursuant to Board practice and custom, On March 24, 2020, the Board voted to extend her employment until June 30, 2021.

23. Plaintiff was notified that the Board had extended her employment on March 25, 2020. She received an email asking her to sign and return the attached contract no later than March 31, 2020. She was also informed to alert Defendant Scott if she had any questions.

24. However, just as had been the case with the prior contract, Plaintiff noted that there was a discrepancy in the contract, as the number of vacation days had been reduced by 5 days. She immediately contacted Scott to ask about the discrepancy. But Scott did not reply.

25. Late on the same day, Plaintiff became severely ill and was rushed to the emergency room. She spent the entire night in the hospital and was diagnosed with having contracted the Covid-19 virus. Plaintiff was released from the hospital on Mach 26, 2020 and placed in quarantine for 14-days.

### Count I
### (42 U.S.C. § 1983-Fourteenth Amendment)

26. Plaintiff incorporates and adopts the allegations contained in paragraphs 1-25 as though expressly stated herein.

27. The Board as the sole policymaker for the District is authorized by law to hire administrators for a period of 1 to 5 years. Under Illinois law and Board policy, the Board vote to employ an administrator is all that is required to hire an administrator.

28. Under the Board's policy, the Board votes by April 1 of each year to give a 1-year employment agreement to administrators it wishes to keep, with the terms being the same as the prior year's contract unless the parties mutually agree to make a change.

29. Under the Board policy, administrators are deemed hired as soon as the Board votes to approve their employment, and employees do not receive the written contract until after the vote approving the contract. It is not uncommon, as occurred with Plaintiff's 2019-2021 contract, for employees to realize that there are mistakes or changes that need to be made to the contract after they receive it. These issues are typically resolved by the employee and the superintendent, and the final changes are memorialized and added to the employee's personnel file.

30. Pursuant to this policy, Plaintiff was never given a written contract before the Board voted to hire her, either in 2019 or 2020, nor was she required to sign a contract before she was deemed employed.

31. On April 2, 2020, Defendant Scott called Plaintiff and informed her that the Board had ordered her to post Plaintiff's position, because she had failed to return the signed contract by March 31, 2020.

32. Plaintiff was shocked and upset and told Scott that there was a misunderstanding. Defendant Scott told Plaintiff she would have to address her concerns with the Board.

33. However, the Board posted Plaintiff's position on April 2, 2020, without ever giving Plaintiff an explanation or an opportunity to address the matter.

34. On April 15, 2020, Plaintiff sent an email to all members of the Board requesting that she be allowed to address the Board at the April 21, 2020, meeting to address her concerns about her employment agreement being rescinded. However, no Board member replied to her email, nor was she allowed to appear before the Board on April 21.

35. On April 17, 2020, Plaintiff spoke with Defendant Young via phone and repeated her request to appear before the Board to discuss why her employment agreement was rescinded. She also advised Young that she was deathly ill with Covid-19 and in quarantine from March 25 until she was authorized to return to work on April 14. Young told her that the Board was told she had the flu. However, Plaintiff posted her medical leave in the District's system on March 26 stating she would be in quarantine on medical leave for 14-days.

36. On April14, 2020, Defendant Scott sent a letter to Plaintiff formally notifying her that the Board was posting her position because she did not return the contract by March 31 and that her employment would terminate on June 30, 2020.

37. The Board willfully and deliberately disregarded Plaintiff's constitutional rights when it rescinded her employment agreement without notice or an opportunity to be heard, either before or after rescinding the agreement. As a result, Plaintiff suffered the loss of at least $96,000.00 in salary plus benefits.

**Count II**
**(Intentional Infliction of Emotional Distress)**

38. Plaintiff incorporates and adopts the allegations contained in paragraphs 1-37 as though expressly stated herein.

39. On March 16, 2020, Plaintiff notified Defendant Scott that she was at high risk for contracting the Covid-19 virus because of her age and she suffered from an underlying condition. Therefore, she requested that she be allowed to work from home. Scott refused her request, saying that everyone on staff was in the high-risk category. She then told Plaintiff to take a sick day if she became ill.

40. On March 25, 2020, Plaintiff suffered severe respiratory problems and was rushed to the hospital where she was diagnosed with Covid-19.

41. She was placed in quarantine and told to get bed rest.

42. Plaintiff immediately notified the District that she was taking a 14-day medical leave under orders from her physician.

43. However, Defendant Scott continued to email and call Plaintiff during this period demanding that she do multiple job functions, even though she was aware that Plaintiff was severely ill and in constant fear for her life and the lives of her family. Scott even demanded that Plaintiff participate in a Sunday conference call. Despite her condition, Plaintiff struggled to comply with Scott's demands, fearing she might lose her job if she did not.

44. However, on April 2, 2020, Scott called Plaintiff and told her the Board ordered Scott to post her job and that she would be out of a job after June 30, 2020. As a result of Defendants' actions, Plaintiff has suffered from weight loss, insomnia, severe depression, anxiety, and severe emotional mood swings. She is currently seeing a therapist several times a week to cope with her condition.

45. The Board ratified Scott's actions which caused Plaintiff's emotional distress, and Defendants intentionally caused Plaintiff's severe emotional distress by arbitrarily rescinding her employment agreement, even though they knew she was severely ill.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays that this Court:

A. Declares that Defendants' conduct enumerated herein is illegal and unconstitutional;

B. Awards compensatory damages from all Defendants in an amount to be determined at trial plus statutory pre-judgment interest thereon against the Board;

C. Awards punitive from Defendants Dr. Tamara Young, Jacqueline Doss, Barbara Swain, Michael T. Humphrey, Margo E. Brown, Doris J. Blackwell, Sharon Mack, and Dr. Earline Scott in an amount to be determined at trial;

D. Awards reasonable attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988; and

E. Awards such other relief as the Court deems just.

## Jury Demand

Plaintiff demands a jury trial to hear this case.

Date June 3, 2020                                  Respectfully submitted,

                                                   By: /s/ Jerome M. Davis, Esq.
                                                       Jerome M. Davis, Esq.
                                                       Attorney for Dr. Quintella Bounds

Jerome M. Davis, Esq. (ARDC#6273828)
9024 McIntosh Court
Lakewood, Illinois 60014
847-606-6685
jeromed483@gmail.com