IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Quintella Bounds,** | ) |
|     **Plaintiff,** | ) |
| | )    **No. 20 C 3283** |
| **v.** | ) |
| | )    **Judge Ronald A. Guzmán** |
| **County Club Hills School District** | ) |
| **160, Dr. Tamara Young, Jacqueline Doss,** | ) |
| **Barbara Swain, Michael T. Humphrey,** | ) |
| **Margo E. Brown, Doris J. Blackwell,** | ) |
| **Sharon Mack, and Dr. Earline Scott,** | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendants' motion to dismiss [22] is denied.

**STATEMENT**

  **Background**

The following allegations are taken as true for purposes of the instant motion to dismiss. Plaintiff worked for the Board of Education of Country Club Hills School District 160 ("Board") from July 1, 2019 until June 30, 2020. Plaintiff's employment during that period was governed by a contract, which expressly stated that it could be terminated by either party at any time without cause, and that Plaintiff was an at-will employee. On March 24, 2020, the Board voted to extend Plaintiff's 2019-2020 employment for another school year. Accordingly, on March 25, 2020, Dr. Earline Scott, the Board's then-interim Superintendent, sent Plaintiff an email instructing her to sign the attached contract for the 2020-2021 school year and return it no later than March 31, 2020. Scott instructed Plaintiff to contact Scott if she had any questions. Upon review of the contract, Plaintiff noted that the number of vacation days was lower than she expected, so she immediately contacted Scott to discuss the issue. Scott did not respond. Later that same day, Plaintiff became ill and was taken to the emergency room. She spent the night in the hospital and was diagnosed with the COVID-19 virus. Plaintiff was released from the hospital on March 26, 2020 and placed in a 14-day quarantine. Plaintiff did not sign and return the 2020-2021 contract by March 31, 2020; the Board, therefore, notified Plaintiff on April 2, 2020 that it was posting her position.

Plaintiff filed the instant lawsuit alleging a due process claim and a state-law claim for intentional infliction of emotional distress. Defendants move to dismiss both counts. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff's burden on a motion to dismiss is limited to

alleging 'enough details about the subject-matter of the case to present a story that holds together.'" *Logan v. City of Evanston*, No. 20 C 1323, 2020 WL 6020487, at *2 (N.D. Ill. Oct. 12, 2020) (citation omitted).

**Analysis**

Defendants first argue that Plaintiff cannot state a due process claim because she does not have a protected property interest in her job. In Illinois, "a person has a property interest in h[er] job only where [s]he has a legitimate expectation of continued employment based on a legitimate claim of entitlement." *Moss v. Martin,* 473 F.3d 694, 700 (7th Cir. 2007). "Because employment relationships in Illinois are presumed to be at will, establishing an expectation of continued employment requires a clear statement made in some 'substantive state-law predicate.'" *Cromwell v. City of Momence*, 713 F.3d 361, 364 (7th Cir. 2013). "A protected property interest in employment can arise from a state statute, regulation, municipal ordinance, or an express or implied contract—those 'rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Halfhill v. Ne. Sch. Corp*., 472 F.3d 496, 500 (7th Cir. 2006) (citations omitted).

Plaintiff contends that her property interest arises from the March 24, 2020 vote by the Board to extend her employment into the 2020-2021 school year. According to Plaintiff, "[t]he Board's vote gave Plaintiff something more than a unilateral expectation of employment." (Pl.'s Resp., Dkt. # 24, at 5.) Defendants contend, however, that the Board's vote and offer did not create an expectation of employment because Plaintiff must still show that "'the traditional requirements for contract formation are present.'" (Defs.' Reply, Dkt. # 26, at 3) (citation omitted). Relying on the allegation that Plaintiff noted a discrepancy about vacation days and never signed the contract, Defendants assert Plaintiff cannot demonstrate acceptance, and thus, no contract was formed. While the complaint alleges and the parties discuss certain facts regarding the extension of Plaintiff's employment, full factual development of the circumstances surrounding the Board's vote and its implications, including whether a contract was formed, will have to occur before the Court can assess whether Plaintiff obtained a property interest in her job for the 2020-2021 school year. The same is true with respect to Plaintiff's assertion that in 2019, she "was not required to sign the contract by a specific date in order to be considered hired." (Pl.'s Resp., Dkt. # 24, at 6.) Accordingly, Defendants' motion to dismiss the due process claim is denied.

Defendants next assert that Plaintiff has failed to state a claim for intentional infliction of emotional distress. "Under Illinois law, the elements of an intentional infliction of emotional distress claim are: '(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress.'" *Jackson v. City of Joliet*, No. 19 C 7284, 2020 WL 5800733, at *5 (N.D. Ill. Sept. 29, 2020) (citation omitted). "[T]he Illinois Supreme Court has explained that conduct is of an extreme and outrageous character where recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id*. (internal quotation marks and citation omitted). "In the employment context, 'courts have found extreme and outrageous

behavior to exist . . . where the employer clearly abuses the power it holds over an employee in a manner far more severe than the typical disagreements or job-related stress caused by the average work environment.'" *Id*. (citation omitted).

While it is unlikely that Plaintiff will be able to meet the high standard required to prove a claim for intentional infliction of emotional distress, particularly in the employment context, the Court declines to dismiss the claim at this juncture given the allegation that Plaintiff had been diagnosed with COVID-19 and was quarantining when the Board posted her position. Defendants state, among other things, that "Plaintiff offers nothing to prove that any Defendant knew that she was susceptible to stress due to a medical condition." (Defs.' Reply, Dkt. # 26, at 8.) Plaintiff, however, need not allege facts to prove her case. The Court can address the claim with the benefit of a fully-developed record at the dispositive-motion stage.

**Conclusion**

For the reasons stated above, the Court denies Defendants' motion to dismiss.

**Date**: October 20, 2020

*Ronald A. Guzmán*

**Ronald A. Guzmán**
**United States District Judge**